UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>The STATE OF ILLINOIS *ex rel.*<br>KENYA SIBLEY,<br><br>           Plaintiff,<br><br>           -v-<br><br>A PLUS PHYSICIANS BILLING SERVICE,<br>INC., *et al.*<br><br>           Defendants. | No. 13 C 7733<br>Judge Jorge L. Alonso |

## LAURIE GENTILE'S MOTION TO DISMISS
## COUNT II OF THIRD AMENDED COMPLAINT

NOW COMES the Defendant, LAURIE GENTILE, by and through her attorneys, MONICO & SPEVACK, and respectfully requests pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure that the Court dismiss Count II of the Third Amended Complaint, with prejudice.

IN SUPPORT of this Motion, Defendant states that the Court dismissed Count II of the Second Amended Complaint ("SAC") without prejudice, and the Third Amended Complaint ("TAC") does not address the basis for the dismissal. As it appears the Plaintiff cannot cure the deficiency, Defendant requests that Count II be dismissed this time with prejudice.

IN SUPPORT of this Motion, Defendant states:

1. Count II of the SAC alleged that Defendant Laurie Gentile ("Gentile") violated the Anti-Kickback Act. The nub of the count was that "On one occasion, Ms. Sibley witnessed Laurie Gentile open a letter from Handrup and take out a $17,000 check." (SAC, ¶ 105). Ms. Gentile allegedly told Ms. Sibley that "once you take over this account you will get checks like this. Just hang in there." (SAC, ¶ 106). After Ms. Gentile retired in May 2012, Ms. Sibley alleged that she received complaints from physician groups imploring her to "make up" codes when none were provided on the Superbill and to "bill like Laurie used to." (SAC, ¶ 107).

2. The Court succinctly dismissed Count II for failure to state a cause of action:

> Plaintiff's only "kickback" allegations – that she once saw Gentile open a letter from a client that contained a $17,000 checks and was told by Gentile that relator could get such checks once she took over the Handrup account (2d Am. Compl. ¶¶ 105-06) – do not state an FCA kickback claims against Gentile or Schoewe. Accordingly, the Court grants their motions to dismiss Count II.

Doc. Mem. Op. & Order, p. 6.

3. The Court gave Plaintiffs an opportunity to re-plead. As noted just above, Count II of the SAC had alleged that Ms. Sibley "witnessed Laurie Gentile open a letter from Handrup and take out a $17,000 check" (SAC ¶ 105), and Ms. Gentile told Ms. Sibley that "once you take over this account you will be able to get checks like this. Just hang in there." (SAC, ¶ 106).

4. Count II of the TAC tells a materially different story. Now, Ms. Sibley alleges that she saw a sealed white envelope with "Laurie" handwritten on the front (TAC, ¶ 126). Rather than witnessing Laurie open the letter, Ms. Sibley alleges that

2

*she* opened the envelope, and *she* found a check from Handrup written personally to Laurie. (TAC, ¶ 127). Only now, she does not include the explosive allegation that the check was written for $17,000.

4. Unlike the allegations in the SAC, according to the TAC Ms. Sibley is no longer standing next to Laurie as events unfold. According to the TAC, Laurie Gentile has not even arrived at work yet. (TAC, ¶ 128). Ms. Sibley alleges that she resealed the envelope with a glue stick and placed it on Laurie Gentile's desk. (TAC, ¶ 128).

5. In the SAC, it was when Laurie removed the check from the envelope that she told Ms. Sibley she would get checks like this when she took over the account. In the TAC, that allegation doesn't work because she alleges now that Laurie wasn't even there. In a completely different re-telling of the story, Ms. Sibley re-sealed the envelope and placed in on Laurie's desk. Ms. Sibley alleges that along around 1 p.m., Ms. Sibley is alone in the lunchroom, and for some unknown reason (recall that Ms. Sibley had re-sealed the envelope so presumably Laurie would not have known Ms. Sibley had previously opened it), Ms. Gentile volunteered the statement, "once you take over this account you will be able to get checks like this. Just hang in there." (TAC, ¶ 129).

6. With respect to the Court's earlier dismissal of Count II for failure to state a cause of action, the substance of the TAC alleges *less* the SAC. Substituting the new allegations in the Court's succinct dismissal order,

> Plaintiff's only "kickback" allegations – that she once saw Gentile open a letter from a client that contained a ~~$17,000~~ check~~s~~ and was told by Gentile that relator could get such checks once she took over the Handrup account (~~2d Am.~~

3

~~Compl. ¶¶ 105-06~~ *TAC 126-27)* – do*es* not state an FCA kickback claims against Gentile ~~or Schoewe~~.

And that conclusion is reinforced by the inference of bad faith pleading between the second and third amended complaints, with the more recent complaint relating a completely different version of events in support of this cause of action.

## CONCLUSION

For present purposes the point is that Count II of the TAC is not materially different with respect to the nub of the pleading than Count II of the SAC. Therefore, it should also be dismissed, this time with prejudice.

                                                  Respectfully submitted,
                                                  LAURIE GENTILE

                       By:    /s/ Barry A. Spevack
                                One of her attorneys

Michael D. Monico
Barry A. Spevack
MONICO & SPEVACK
20 South Clark Street
Suite 700
Chicago, Illinois 60603
312-782-8500
      Attorneys for Laurie Gentile